IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA ALLGAIER | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:22-cv-1900 |
| MICROBIOLOGICS, INC. | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW, Ms. Barbara Allgaier (the "Plaintiff"), by and through her undersigned council brings this action against Microbiologics, Inc., a corporation (the "Defendant"), for discrimination against Plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and Maryland Wage Payments and Collections Law, Md. Code Ann., Lab. & Empl. § 3-501, and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1345.

2. The Court has authority to grant equitable relief and monetary damages under 42 U.S.C. §2000e-5(g).

3. Venue is proper in this District under 28 U.S.C. §1391.

## PARTIES

4. Plaintiff is Barbara Allgaier, a female resident of Maryland State, who was formerly employed as an Area Sales Manager by Microbiologics., Inc.

5. Defendant is Microbiologics, Inc. is Minnesota Corporation, duly organized under the laws of Minnesota and having its principal place of business at 200 Cooper Avenue North, St. Cloud, Minneapolis Minnesota 56303.

## FACTUAL BACKGROUND

6. Plaintiff was employed by Defendant for nine (9) years prior to her discharge.

7. Plaintiff was employed by Defendant in the role of Area Sales Manager at the time of her discharge.

8. Plaintiff was an exemplary and high performing employee.

9. Plaintiff had received multiple sales awards during her time working for Defendant.

10. In 2016, Plaintiff received the Defendant's "President's Award" for sales.

11. In 2017, Plaintiff received the Defendant's "Top Sales Representative Award."

12. In 2018, Plaintiff received a Molecular Business Growth Award.

13. Plaintiff's name is listed twice on the Microbiologics High Honor Plaque, displayed at the Company's headquarters.

14. At the time of Plaintiff's discharge, Plaintiff's was the only name listed on the High Honor Plaque.
15. Plaintiff's direct supervisor was Mr. Alan Kaplan ("Mr. Kaplan") at the time of her discharge.
16. Mr. Kaplan was the vice president of sales for North America for the Defendant.
17. Plaintiff was the number one area sales manager for North America as of August 2019, as showing in the United States Sales Force Rankings (the "Rankings") distributed by Mr. Kaplan.
18. In addition to the official numbers and rankings, Plaintiff had booked approximately one-hundred-thousand dollars ($100,000.00)in custom sales that had not yet been shipped by Defendant.
19. Defendant shipped these sales made by Plaintiff after her discharge and realized profit.
20. Plaintiff was entitled to commission on these sales.
21. Throughout the course of her nine-year employment with the Defendant, Plaintiff never received a disciplinary reprimand or action, thereby demonstrating that she performed at or above Defendant's legitimate and reasonable expectations throughout her tenure.
22. In August 2019, Mr. Kaplan sent an email to all the Sales Area Managers requesting dates for meetings in order to complete the individual's third quarterly reviews.

23. Mr. Kaplan asked Plaintiff to meet him to complete her third quarter review on October 2nd, 2019.

24. In a conference call on September 3rd, 2019, Plaintiff specifically asked Mr. Kaplan why he wanted to meet with her and was told that "everything will be fine."

25. On the September 3rd, 2019, call Mr. Kaplan and Plaintiff agreed to meet on September 18th, 2019, to complete the review.

26. On that same conference call, Mr. Kaplan assured Plaintiff that the Defendant was not intending to cut or eliminate any positions or territories.

27. Mr. Kaplan told Plaintiff that he intended to visit a client with the Plaintiff.

28. Plaintiff attended the requested meeting at the Courtyard Marriot Hotel in Virginia on September 18th, 2019.

29. Also attending this meeting, previously unbeknownst to Plaintiff, was Ms. Tonya Inselman ("Ms. Inselman") the Employee Engagement Manager for Defendant who served in Defendants Human Resources ("HR") department.

30. At this September 18th, 2019, meeting Plaintiff was informed by Ms. Inselman that she was being discharged.

31. Defendant informed Plaintiff that her discharge was due to "territory elimination."

32. At the time of Plaintiff's discharge there were open sales and marketing positions outside of Plaintiff's territory under Mr. Kaplan's supervisory authority.

33. Defendant did not offer Plaintiff the opportunity to apply for or be considered for any sales, or other, position within the company.

34. Plaintiff's district was not eliminated but redistributed.

35. Defendant continued to do businesses with and seek sales from companies and entities within the Plaintiff's former district.

36. Defendant redistributed Plaintiff's clients and her district to male counterparts, Mr. Mike Anderson ("Mr. Anderson") and Mr. Joe Iacono ("Mr. Iacono").

37. Mr. Anderson was hired in March of 2017 to take over parts of Plaintiff's New England territory that Plaintiff had grown too large to manage single handedly.

38. Mr. Anderson was not as successful at sales as Plaintiff, ranking the lowest among sales managers while Plaintiff was ranked the highest in sales when, in 2019, Plaintiff was discharged, and portions of her district were assigned to Mr. Anderson.

39. Mr. Iacono was also performing at levels lower than Plaintiff in 2019 when Plaintiff was discharged, and portions of her district were assigned to Mr. Iacono.

40. At the time of her discharge, Plaintiff was the only female area sales manager employed by Defendant in the United States.

41. Defendant had previously terminated the other two female area sales managers in 2018 and 2019 respectively.

42. Upon Plaintiff's discharge, Defendant's U.S. Area Sales Team consisted of all males.
43. Defendant failed to pay Plaintiff for sales made prior to her discharge.

## COUNT I DISCRIMINATION

44. Defendant discriminated against Plaintiff when it discharged her on September 18th, 2019, based solely on the Plaintiff's sex (female) in keeping with Defendant's habit of terminating female U.S. area sales managers.
45. Defendant discriminated against Plaintiff when it discharged on September 18th, 2019, and failed to offer her an alternate, available position with the company despite one being available based on the Defendant's pattern of terminating female U.S. area sales managers.
46. Defendant discriminated against Plaintiff when it allegedly eliminated her district, thereby discharging Plaintiff, but in fact redistributed her territory to lower performing male area sales managers in September of 2019.
47. Defendant discriminated against Plaintiff when chose to discharge its only surviving female U.S. area sales manager, preferring to retain less high performing male U.S. area sales managers.

## COUNT II FAILURE TO PAY EARNED WAGES

48. Defendant's discriminatory discharge of Plaintiff is the only reason Plaintiff was not paid commission on the approximately $100,000.00 in orders acquired by her prior to her discharge.

49. Defendant violated Maryland law when it failed to pay her commissions earned during her tenure with the Defendant when Plaintiff had done everything required of her to earn the commissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

50. Grant a judgement in favor of the Plaintiff and declare that the Defendant has violated Title VII of the Civil Rights Act of 1964, et seq., and its accompanying regulations.

51. Award compensatory and punitive damages to the Plaintiff for damages incurred as a result of the discrimination against her, as alleged in this Complaint, and pursuant to and within the statutory limitations of §102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a,

52. Grant a judgement in favor of the Plaintiff and order Defendant to pay all commission earned by the Plaintiff prior to her 2019 discharge.

53. Award Plaintiff treble damages for unpaid commissions under Maryland Wage Payments and Collections Law, Md. Code Ann., Lab. & Empl. § 3-507.2

54. Award Plaintiff all reasonable Attorney's Fees and costs associated with bringing this action.

Plaintiff prays for such additional relief as justice may require and this Court may find appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P 38 and §102 of the Civil Rights Act of 1991, 24 U.S.C. 1981a.

Dated: 8/2/2022                                                            Respectfully Submitted,




/s/ Donald Quinn
Donald Quinn, Fed. Bar No. 22324
1629 K Street, Suite 300
Washington, D.C. 20006
(202) 508-3644
donquinn@thequinnlawgroup.com
*Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2022, a copy of the foregoing Complaint was served via first-class mail, postage paid upon:

Brian A. Scotti, Esq.
Gordon Rees Scully Mansukhani
1101 King Street, Suite 520
Alexandria, VA 22314
bscotti@grsm.com
*Attorney for the Defendant*

/s/ Donald Quinn
Donald Quinn